IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT COURT OF CALIFORNIA

| | |
|---|---|
| BROADCAST MUSIC, INC.; EMI VIRGIN SONGS, INC.; LOUD MOUSE MUSIC; EMI BLACKWOOD MUSIC, INC.; JONES FALLS MUSIC; WARNER-TAMERLANE PUBLISHING CORP.; UNIVERSAL – SONGS OF POLYGRAM INTERNATIONAL, INC.; FUEL PUBLISHING INC. d/b/a PENER PIG PUBLISHING; ROADIEODIE MUSIC; SONY/ATV SONGS LLC, | 2:13-cv-00420-KJM-DAD |

          Plaintiffs,

  vs.

MP RESTAURANTS, INC. d/b/a SIENNA RESTAURANT; MARK E. PLATT and KAROLINE T. PLATT, each individually,

          Defendants.       <u>ORDER</u>

_____/

        This matter is before the court on the motion to set aside the clerk's entry of default by defendants MP Restaurants, Inc. d/b/a Sienna Restaurant, Mark E. Platt, and Karoline T. Platt (ECF 16), which the court decided without a hearing. For the reasons below, the court GRANTS defendants' motion.

/////

1

I. ALLEGED FACTS AND PROCEDURAL BACKGROUND

Plaintiffs filed a complaint against defendants for six counts of copyright infringement on March 1, 2013. (*See* Compl., ECF 1.) Individual defendants Mark E. Platt and Karoline T. Platt own defendant MP Restaurants, Inc., which operates and controls Sienna Restaurant in El Dorado Hills, CA. (*Id.* ¶¶ 14–20.) Defendants allegedly infringed plaintiffs' copyrights to several songs when a band performed these songs without plaintiffs' authorization in the individual defendants' restaurant. (*Id.* ¶¶ 3–14; 22–28.)

Defendant Mark Platt, unrepresented by counsel, spoke with plaintiffs' counsel on March 21, 2013 about the instant suit but took no further action. (Decl. of Karen S. Frank ¶ 4, ECF 21.) Having received no response to the complaint, plaintiffs filed for entry of default against defendants on June 11, 2013 (Frank Decl. ¶ 5; *see* ECF 6), which the clerk entered on June 12, 2013 (ECF 7). Shortly thereafter, on June 19, 2013, defendants retained counsel and began settlement negotiations. (Decl. of Alden J. Parker ¶ 3, ECF 16-2; Frank Decl. ¶ 7.) Plaintiffs initially stated they would not oppose a motion to set aside the default. (Parker Decl. ¶¶ 3–4.) The parties continued settlement negotiations until the end of August 2013. (Parker Decl. ¶ 3; Frank Decl. ¶¶ 7–10.) Defendants sought a stipulation on September 13, 2013 from plaintiffs to set aside the default, which plaintiffs refused. (Parker Decl. ¶ 3; Frank Decl. ¶ 11.) While no declaration attests to this, the parties agree in their briefs that defendants informed plaintiffs on September 16, 2013 that defendants would file a motion to set aside the default. (ECF 20 at 3; ECF 24 at 4.) Plaintiffs sent defendants an email on September 18, 2013 stating that if defendants did not file a motion to set aside the default by close of business September 20, 2013, then plaintiffs would proceed with a motion for default judgment. (Frank Decl. ¶ 12.) On September 27, 2013, plaintiffs filed a motion for default judgment. (Frank Decl. ¶ 14; ECF 15.)

That same day, defendants filed the instant motion to set aside the clerk's entry of default. (ECF 16.) On October 21, 2013, plaintiffs filed an opposition (ECF 20), and defendants replied on November 8, 2013 (ECF 24).

/////

II.     STANDARD

Under Rule 55(c), "[t]he court may set aside an entry of default for good cause." FED. R. CIV. P. 55(c).  To determine whether good cause exists, the court considers three factors: (1) whether defendants engaged in culpable conduct that led to default, (2) whether defendants had a meritorious defense, or (3) whether reopening the default judgment would prejudice plaintiff.  *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 925–26 (9th Cir. 2004).  These factors apply to motions to set aside default under Rule 55(c) and motions to set aside default judgment under Rule 60(b); however, the test is "more liberally applied" in the Rule 55(c) context.  *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 n.1 (9th Cir. 2010) (hereinafter, "*Mesle*"); *see also Brady v. United States,* 211 F.3d 499, 504 (9th Cir. 2000) (finding district court's discretion is "especially broad" when setting aside entry of default, rather than default judgment).  The good cause test is disjunctive, such that a court may deny a movant's request to set aside default if any one of the factors is present.  *Id.* at 1091; *Franchise Holding II*, 375 F.3d at 926.

At the same time, the Ninth Circuit's distaste for default judgments cannot be overstated; courts are directed to be "solicitous towards movants" and deny a motion to set aside default only where "extreme circumstances" exist.  *Mesle*, 615 F.3d at 1091–92; *see also Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009) ("As a general rule, default judgments are disfavored; cases should be decided upon their merits whenever reasonably possible."); *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) ("[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.").

III.    ANALYSIS

Defendants argue that their actions were not culpable, that they have a meritorious defense against copyright infringement, and that setting aside the default would not prejudice plaintiff.  Plaintiffs argue defendants fail to meet their burden to show any of the factors favor setting aside the default.  The court examines the three *Franchise Holding II*

factors in turn and concludes that although defendants did not move as promptly as they could have, they have met their burden to set aside the default.

A. Culpability

Defendants argue their conduct is not culpable because they are small business owners who have never been sued in the past, are unsophisticated in legal matters, and were simply unaware of their responsibility to file responsive pleadings. (ECF 16-1 at 5.) Further, defendants contend that after retaining counsel the parties began settlement negotiations and that defendants believed plaintiffs were willing to stipulate to set aside the default if the negotiations were unfruitful. (*Id.*) Plaintiffs argue that the culpability standard contained in *Franchise Holding II*, 375 F.3d 922, controls this case, and that under this standard defendants are culpable. (ECF 20 at 4.)

A defendant's conduct is considered culpable if he has received actual or constructive notice of the action and intentionally failed to answer. *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001). "Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process is not 'intentional' under [Ninth Circuit] default cases." *Id.*; *accord Mesle*, 615 F.3d at 1092. Instead, a finding of intentional failure will exist only where "there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id.* at 699.

The court finds defendants' conduct is not culpable under the controlling *Mesle* culpability standard because their failure to answer was not intentional. First, the *Mesle* culpability standard, not the *Franchise Holding II* culpability standard, is the relevant one. The *Franchise Holding II* culpability standard, which does not include the intentionality of a defendant's failure to respond, "is not the ordinary standard for Rule 55(c) and 60(b) motions." *Mesle*, 615 F.3d at 1093. "[I]n fact, [the Ninth Circuit] ha[s] never applied [the *Franchise Holding II* culpability standard] to deny relief in the context of such motions except when the

moving party is a legally sophisticated entity or individual." *Id.* (citing *Franchise Holding II*, 375 F.3d at 924).

Second, defendants attest that individual defendants Mark and Karoline Platt, the owners of defendant MP Restaurants, Inc., are not sophisticated in legal matters and were not represented by counsel until after receiving the notice of entry of default. (ECF 16-1 at 4; Decl. of Mark E. Platt ("M. Platt Decl."), ECF 16-3 ¶ 3; Decl. of Karoline T. Platt ("K. Platt Decl."), ECF 16-4 ¶ 3.) Defendants assert they do not have general or regular counsel and did not retain counsel until after the clerk entered a default. (M. Platt Decl. ¶ 3; K. Platt Decl. ¶ 3.) Further, as to the intervening months between the entry of default and the motion to set aside the default, defendants and plaintiffs agree settlement negotiations were underway for a majority of the time. (*See* ECF 16-1 at 4; Parker Decl. ¶ 3; ECF 20 at 3; Frank Decl. ¶¶ 8–11.) Although plaintiffs contend that defendants filed this motion both after the parties agreed-upon deadline and after plaintiffs' filing of a motion for default judgment (ECF 20 at 3; Frank Decl. ¶ 12), this tardiness does not render defendants' failure to respond intentional.

Because defendants provide a good faith explanation for the fact they did not file responsive pleadings, the court finds defendants did not act culpably.

B. Meritorious Defense

Defendants argue they have a meritorious defense because they did not directly or contributorily infringe, did not induce anyone else to infringe, and are not vicariously liable for any alleged infringement. Defendants aver the alleged infringement was done by a local band unaffiliated with defendants, that defendants did not entice or induce the band to play any particular songs, and that defendants had no knowledge of or control over the alleged infringement. (ECF 16-1 at 6.) Finally, defendants assert they cannot be vicariously liable because they had no right to supervise the alleged infringing conduct and have never declined to exercise the right to stop any alleged infringement. (*Id.*) Defendants provide declarations to support the specific claims in their motion to set aside the default. (M. Platt Decl. ¶ 5; K. Platt Decl. ¶ 5.)

5

In opposition, plaintiffs argue defendants have no meritorious defense because they are vicarious infringers. (ECF 20 at 5.) Defendants owned and operated the restaurant and are therefore liable for any unlicensed public performances occurring there, plaintiffs contend, because defendants exercised requisite control over and derived financial benefit from the performances. (*Id.*)

A defendant seeking to vacate a default must provide specific facts that would constitute a defense, but the burden is not "extraordinarily heavy." *TCI Grp.*, 244 F.3d at 700. The question of whether defendants' factual allegations are true is not at issue at this juncture. *Mesle*, 615 F.3d at 1094. To prevail on the "meritorious defense" factor, "a [plaintiff] need only demonstrate law or facts showing that a sufficient defense is assertable." *J & J Sports Prod., Inc. v. Benitez*, No. 1:11-cv-01875 AWI DLB, 2012 WL 6088300, at *4 (E.D. Cal. Dec. 6, 2012) (citing *TCI Grp.*, 244 F.3d at 700). A defense is meritorious if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Haw. Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986).

In copyright law, "[o]ne . . . infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005). For vicarious infringement, "[l]ack of knowledge of the infringement is irrelevant." *Adobe Sys. Inc. v. Canus Prods., Inc.*, 173 F. Supp. 2d 1044, 1048–49 (C.D. Cal. 2001) (citing *Shapiro, Bernstein & Co. v. H.L. Green Co.*, 316 F.2d 304, 307 (2d Cir. 1963)); *see also Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1172–73 (9th Cir. 2007) (knowledge listed as an element of contributory infringement but not vicarious infringement).

The court finds defendants have asserted a meritorious defense to the claim of vicarious copyright infringement for two reasons. First, defendants argue in their motion that they "had no right to supervise the alleged infringing conduct of that band and have never declined to exercise the right to stop any alleged infringement" (ECF 16-1 at 6) and support this assertion with declarations by individual defendants Mark and Karoline Platt (M. Platt Decl. ¶ 5; K. Platt Decl. ¶ 5). Second, the proposed answer contains a number of affirmative

defenses, including fair use.  (Parker Decl. Ex. B, ECF 16-2.)  It is possible defendants may prevail on a fair use theory.  *Cf. Kelly v. Arriba Soft Corp.*, 336 F.3d 811, 821 (9th Cir. 2003) (thumbnail reproduction of photographs in search engine constituted fair use in part because the thumbnails did not harm the market for the original photographs).  Here, if the defendants' argument they lacked the right to supervise or their defense of fair use is proven true, then "there is some possibility that the outcome . . . will be contrary to the result achieved by the default."  *Haw. Carpenters' Trust Funds*, 794 F.2d at 513.  Defendants have met their burden to show that a sufficient defense is assertable.  *See Butner v. Neustadter*, 324 F.2d 783, 786 (9th Cir. 1963) (finding affidavits asserting the defendant "had a good and meritorious defense to the action" sufficient).

        Defendants prevail on the meritorious defense factor.

    C.    Prejudice to Plaintiff

        Defendants argue plaintiffs will not be prejudiced by the court's setting aside the default because plaintiffs never indicated how they would be prejudiced and had previously been willing not to oppose a motion to set aside.  (ECF 16-1 at 7.)  Plaintiffs argue they incurred costs of moving for default judgment that they would otherwise not have incurred had defendants communicated with them or not waited to file the motion to set aside default until September 27, 2013.  (ECF 20 at 7.)

        Prejudice exists where plaintiffs' "ability to pursue [their] case will be hindered."  *See TCI Grp.*, 244 F.3d at 701 (quoting *Falk*, 739 F.2d at 463).  A delay "must result in tangible harm such as a loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion" for the setting aside of default to be prejudicial to the plaintiff.  *Id.* (citing *Thomspon v. Am. Home Assur.,* 95 F.3d 429, 433–34 (6th Cir. 1996).

        Here, plaintiffs would be inconvenienced if this court sets aside the default, but there is nothing to suggest plaintiffs' ability to pursue their case will be hindered.  The parties agree in their briefs that defendants informed plaintiffs on September 16, 2013, that defendants would file a motion to set aside the default (ECF 20 at 3; ECF 24 at 4); plaintiffs thus cannot claim complete surprise in the face of defendants' current motion.  The policy favoring

judgment on the merits outweighs any cost to plaintiffs incurred in filing their motion for default judgment.

        Plaintiffs will not be prejudiced if this court sets aside the default.

IV.    CONCLUSION

        For the foregoing reasons, the court orders:

        1.    Defendants' motion to set aside the default (ECF 16) is GRANTED; and

        2.    Defendants shall file their responsive pleading within seven days of the service of this order.

        IT IS SO ORDERED.

Dated: December 12, 2013.

                                        UNITED STATES DISTRICT JUDGE